If it pleases the court, my name is Robert Duff, and I represent the plaintiff appellant Kevin Harold. This case involves the application of the somewhat amorphous Rooker-Feldman Doctrine to the Fair Debt Collection Practices Act. Any discussion of the current state of the Rooker-Feldman Doctrine has to begin with the Supreme Court's decision in ExxonMobil versus Saudi Basic Industries, 2005 decision by the United States Supreme Court, in which the Supreme Court aggressively attempted to rein in lower court's application of the Rooker-Feldman Doctrine. And they stated, we hold today that the doctrine is confined to cases of the kind from which the doctrine acquired its name. Cases brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. In the case, they go on to explain, essentially, that if a plaintiff is making an independent claim and not complaining of injuries caused by the state court judgment, the Rooker-Feldman Doctrine does not apply. And that is true. So I have a question for you about our decision in Epps against CreditNet. Is there any way you can distinguish that case? You won't find it in your brief. Yes, Judge, several things. One, that decision occurred before the ExxonMobil decision. So it was not informed by the developments in ExxonMobil. It uses quite extensively the inextricably intertwined kind of doctrine of Rooker-Feldman, which just recently, within the past week or so, in this court's decision, was basically abandoned. The court told us that we're not going to really use inextricably intertwined any longer. And also, in reading the decision closely, it favorably distinguishes the Brooks case in the Rooker-Feldman context, noting that 1692 representations under 1692. Let me be sure I understand your position. Your position has to be that we should just ignore Epps in light of Saudi basic industries. It's hard to see anything in Saudi basic that's legally inconsistent with Epps. And if we apply Epps, you're sunk. You've got what seems to me an absolutely four-square adverse precedent in this circuit. And your brief doesn't so much as mention it. Well, for one thing, Judge, I think that Epps, to the extent that Epps is controlled, it's been implicitly overruled. I don't see how you could, and by the case the very recent pushpin case. The rule for an advocate is if you think that a circuit has an adverse precedent that's going to cost you your case, you don't ignore it. You can make an argument that it's inconsistent with the Supreme Court. You can ask us to overrule it on our own. But you don't just hope we'll fail to notice it. Your Honor, I think I guess the reason is because I feel like the Kelly decision that was cited by the appellees is a stronger precedent. And it's more recent. And it followed the Epps case, or it followed the ExxonMobil case. And we did essentially advocate that that case needed to be overturned. And so I think by implication that the Epps case, to the extent that Kelly relied on it, and they're similar, would also need to be overruled. But Kelly, I guess I believe that appellees felt like it was a stronger precedent, and so did we. And so that's the case that we addressed, I think, fairly extensively in our briefing. The important part that the United States Supreme Court said is that even if you have to grant the relief that plaintiff seeks, and even if it would impugn the state court judgment, then we don't have a Rooker-Feldman issue. In other words, just because the federal case calls into question the propriety of the state court judgment does not mean that Rooker-Feldman applies. It's not an appeal of the state court judgment unless the relief sought is the correction of the state court judgment. Courts have struggled with this, where the granting of the relief to the federal court plaintiff would undermine the propriety of the state court judgment. And so we get statements such as, this court could not find a violation of the FDCPA without finding, in substance, that the state court erred by issuing its judgments, from the Bullock versus Credit Bureau of Greater Indianapolis case from the Southern District. Or the court in this case said, the substance of his claim is that his injury resulted from the state court judgment itself, as the alleged misrepresentation directly impacted the state court's finding that the judgment was proper. Because Mr. Herold alleges that defendants committed a fraud on the state court during the underlying litigation, Rooker-Feldman bars this court from reaching the merits of the case because it lacks subject matter jurisdiction. Indeed, the appelees essentially state the same thing in their brief. Herold cannot prevail in this FDCPA action without demonstrating that the small claims court erred when it entered its final order of garnishment. But with all due respect to those courts and to the appelees, calling the propriety of the judgment into question is not the same as appealing it. In order to see whether the plaintiff is appealing it, we have to look at the relief sought. And that's where the nature of the FDCPA and the fact that it provides for statutory damages is critical. You're saying it's completely separate from that judgment? Pardon me, Judge? The fraud or the misrepresentation, whatever you're claiming, are you saying that's a completely separate claim under FDCPA? No, Judge. There's no. The misrepresentations that are alleged in Mr. Herold's complaint were all misrepresentations under the FDCPA. But I mean, you're claiming you can have a separate action for those in federal court. Sure. You could, yes. And I think those potentially would be treated differently. And here's why. Because the FDCPA provides for statutory damages. That's critical in this case. And it's critical to look at what Mr. Herold is seeking in his First Amendment complaint. We're taught in law school that you don't have a claim until there are all the elements of the cause of action. So there's no claim until you have damages. And so a misrepresentation made in a vacuum is not actionable until it results in some damages. Or if it's made in a state court case, it results in a judgment. Well, would there be any effect on the state court judgment, whatever you raised in federal court under the FDCPA? Well, because, no. It can call it into question. It can undermine it. But because the FDCPA provides for statutory damages, the cause of action under the FDCPA arises when the misrepresentation is made. You don't have to wait for any future events, including a judgment, to have damages in order to have an FDCPA claim. You did actually file it before the judgment, didn't you? Well, there were court orders. That's another problem in this case. The actual judgment, the substantive judgment, was 20 years earlier. So defendants, that's a distinction. But the order of garnishment occurred before we filed the federal case, the FDCPA case. But some orders of the state court also occurred after the filing of the FDCPA case. The ownership of the debt and the law firm's authority to collect on it was litigated in the state court action, correct? And that's what you want to relitigate here? Well, it was in small claims court. And Mr. Harreld was pro se. My question is, was it litigated? It was. Yes, although he challenged the ownership of the debt and the authority to collect on it. That's true, although Indiana has a rule that says there will be no res judicata effect to any ruling or order in small claims court. So it did not. It was technically litigated, but it had no res judicata value whatsoever. Right, but that's not an issue. We're not here on a res judicata argument. That's true. It's distinct. I see my time is up, and I want to reserve a little. Certainty counsel? Mr. Girt. May it please the court. Please do not touch the microphone. Thank you. This is a case in which the plaintiff alleges that the defendant attorney made untrue in-court statements concerning the identity of his client and the client's ownership of a judgment during garnishment proceedings. The state court entered a final order of garnishment, which necessarily determined that the defendant's client was, in fact, the owner of the judgment. The plaintiff then filed this FDCPA action. And in his amended complaint, the only adverse consequence or injury identified is the allegation found in paragraph 23 that the result of the defendant's actions resulted in his wages being garnished. So that is the injury that they're complaining of. We now turn to the Rooker-Feldman Doctrine. As this court held in Richardson versus the Koch Law Firm just a couple months ago, the Rooker-Feldman Doctrine applies when the state court's judgment is the source of the injury of which the plaintiff complains in federal court. So what is the state court judgment? It's the order of garnishment permitting the defendant's client to garnish the plaintiff's wages. That is the precise injury which is alleged in the amended complaint. You told the court, you misrepresented to the court the identity of your client. Your client didn't have the right to execute on this judgment. The state court found against him. What was the consequence of the state court finding against him? The very harm complained of in the plaintiff's amended complaint. My wages were garnished. The trial court correctly applied the Rooker-Feldman Doctrine because the only way for the plaintiff to prevail in their FDCPA action is to convince the district court that contrary to what the state court found, the defendant's client did not have the right to execute on that judgment, was not the owner of the judgment. The district court's conclusion is clearly supported by this court's prior decision in the Kelly versus Med One case. In that case, another FDCPA case, the plaintiffs had been defaulted in the small claims court, and part of the default judgment included attorney's fees. The plaintiff then filed an FDCPA claim arguing that the defendant had violated the FDCPA by claiming attorney's fees since they weren't entitled to them. The district court dismissed the claim, and on appeal this court affirmed on the doctrine of Rooker-Feldman that because the underlying state court judgment awarding attorney's fees necessarily determined that the defendant was entitled to recover those fees, any recovery in the FDCPA action required a rejection of what the state court had already found. In this case, we don't have to get into the question of whether there's an intermingling of the facts, because the injury of which the plaintiff complains is the result of the state court's as other courts of her held. If the plaintiff's injury derives from some other source besides the state court's decision, then the claim is independent and not barred by Rooker-Feldman. But that's not what we have in this case. What we have in this case is the plaintiff coming in, complaining that because of the defendant's conduct, the state court entered a garnishment award against him, and that his wages were being garnished. His claim in the FDCPA is based on the very injury that results from the underlying state court decision. So therefore, Rooker-Feldman was properly applied. The district court did not err. And the decision should be affirmed. Unless there are any further questions, I will stop here. Thank you, counsel. Anything further, Mr. Duff? Yes, Your Honor. The appellees indicate that the injury of which plaintiff complains is the state court judgment. That is absolutely not the case. The injury of which the plaintiff complains is the violation of the FDCPA. And as I indicated earlier, the claim, because there's statutory damages available, we don't have to worry or wait for any adverse action to come from that misrepresentation. Would the federal court have to determine that there was a misrepresentation? Yes, Your Honor, it would. In order to get that penalty. And the question is, did the state court already hold that there was not a misrepresentation by virtue of that judgment? Again, I think under the ExxonMobil case, that doesn't matter. The Supreme Court said you can readdress an issue that's already been decided in state court that's not the issue. Because we'll get into a preclusion doctrine at that point, but not Rooker-Feldman. I see my time is up. Thank you very much, counsel. The case is taken under advisement.